UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERB MILLER-SANTIAGO,<br>    Plaintiff,<br><br>       v.<br><br>WARDEN, et al.,<br>    Defendants. | No. 3:23-cv-393 (SRU) |

**INITIAL REVIEW ORDER**

Plaintiff Herb Miller-Santiago ("Miller-Santiago"), currently incarcerated at New Haven Correctional Center, brings this action *pro se* under 42 U.S.C. § 1983 against three defendants, Warden, Angel Quiros, and New Haven Correctional Center ("NHCC"). He contends that the defendants were deliberately indifferent to his health.

**I.    Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I have thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.  Based on this initial review, I order as follows.

## II.     Factual Background

I take the following facts alleged in the Complaint as true.

On November 17, 2021, Miller-Santiago arrived at NHCC.

On January 12, 2022, Miller-Santiago contracted COVID-19.

Miller-Santiago wrote to and told the block officers and medical staff that he had an underlying condition, liver cancer, and was concerned about contracting COVID-19.  Nevertheless, they did nothing to reduce the chance that he would contract the virus.  NHCC did not use social distancing.  The medical staff did not provide Miller-Santiago any vitamins to prevent him from contracting COVID-19.  Most NHCC inmates have already contracted COVID-19.  Miller-Santiago believes that the virus is introduced into the facility by staff.

## III.    Analysis

Miller-Santiago does not specify any claim in the complaint.  He merely recites the above-stated allegations and states that he fears for his life.  Based on this statement, I construe the complaint to assert a claim for deliberate indifference to health.

2

Also, Miller-Santiago seeks no relief. Records available on the Department of Correction website indicate that Miller-Santiago is currently confined at Carl Robinson Correctional Institution.[1] *See Inmate Information*, Conn. Dep't of Corr., *available at* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=387149 (accessed June 23, 2023). Because Miller-Santiago is no longer confined at NHCC, any declaratory or injunctive relief to address his medical treatment at NHCC by NHCC staff would be moot. *See Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility."). As a result, I construe the Complaint as only seeking damages.

A. NHCC

State agencies like the Department of Correction and their subdivisions are not persons within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 66 (1989); *see also Walker v. State of Connecticut*, 2006 WL 1981783, at *2 (D. Conn. Mar. 15, 2006) (dismissing claims against Northern Correctional Institution because state correctional facility not a person within the meaning of section 1983). Because NHCC is not a person under section 1983, all claims against NHCC not cognizable.

Accordingly, I dismiss the claims against NHCC with prejudice under 28 U.S.C. § 1915A(b)(1).

B. Warden and Quiros

The Warden and Commissioner of Correction Quiros are supervisory officials. The Second Circuit has held that "there is no special rule of liability for supervisors" and that "a

---

[1] The court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information); *Kelley v. Quiros*, 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).  Thus, for deliberate indifference claims, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Id*. at 616.

Although a supervisor cannot be found liable solely "by reason of [his] supervision of others who committed the violation," *id.* at 619, "it seemingly remains possible for a policy maker to be held liable for his creation or continuance of an unconstitutional policy or custom," *Jok v. City of Burlington, Vt.*, 2022 WL 444361, at *11 (D. Vt. Feb. 14, 2022) (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (holding that "§ 1983 [still] allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" which results in a violation of constitutional rights)); *see also Stone #1 v. Annucci*, 2021 WL 4463033, at *9 (S.D.N.Y. Sept. 28, 2021) ("Reading *Tangreti* and . . . other decisions together . . . a senior prison official can still be held liable for his role in creating a policy . . . but . . . only if the pleadings or record evidence 'permit the inference that [he] had subjective knowledge of the risk . . . and that [he] decided to disregard that risk.'") (quoting *Tangreti*, 983 F.3d at 619).

Miller-Santiago does not allege that either defendant was aware of the alleged situation at NHCC or his particular circumstances.  Nor is it clear from the complaint whether Miller-Santiago is alleging a failure to institute policies for controlling the spread of COVID-19 or the failure of particular staff members to follow established policies.  The court cannot "invent factual allegations" that a plaintiff has not pleaded.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Because Miller-Santiago has not

4

alleged facts showing that defendants Warden and Quiros had subjective knowledge of the substantial risk he faced and disregarded that risk, Miller-Santiago fails to state a plausible claim for relief against these defendants.

Accordingly, I dismiss the claims against defendants Warden and Quiros without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### IV. Conclusion

All claims against NHCC are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). All claims against defendants Warden and Quiros are **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).

Miller-Santiago may file an amended complaint reasserting his claims against defendants Warden and Quiros if he can allege facts showing that they were aware of a substantial risk to his health and disregarded that risk. Any amended complaint must be filed within **thirty days** from the date of this order, on or before **August 16, 2023**, and MUST include the warden's name.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of July 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge